**No. 45218.**—Protest 979592–G of General Aniline Works, Inc. (New York).

KEEFE, Judge: The merchandise in this case consists of an importation of a coal-tar intermediate invoiced as "Nitro Oxalyl Diamino Anthraquinone." The collector assessed duty thereon under the provisions of paragraph 27, Tariff Act of 1930, as follows: At the specific rate of 7 cents per pound upon a total weight of 27,487 pounds, and, in addition, at the rate of 40 percent ad valorem upon the total amount of the value obtained by multiplying the dry weight of nitro oxalyl diamino anthraquinone by the unit value thereof. In determining the ad valorem duty a sample taken from one drum out of a shipment of seventy drums was sent to the Government laboratory where it was ascertained that the dry content of the nitro oxalyl diamino anthraquinone was 38.7 percent of the total weight of the importation. The collector by accepting the percentage reported obtained a total dry weight of 10,637 pounds, and duty was assessed upon a total value obtained by multiplying 10,637 pounds by the appraised unit of value. The plaintiff claims that the assessment of ad valorem duty should have been upon the basis of a weight of 10,185 pounds of dry weight rather than 10,627 pounds. There was no question as to the accuracy of the collector's ascertainment of the total weight upon which specific duty was assessed.

At the trial it was established that nitro oxalyl diamino anthraquinone is a dry crystalline powder; that as imported the product contains some impurities, a small amount of mineral acid, and that it is suspended in water which is not a natural constituent; that as imported the merchandise is a rather thick paste usually containing from 30 to 40 percent dry nitro oxalyl diamino anthraquinone; that it is imported in wooden drums which absorb varying quantities of the moisture; that the proportion of the dry weight varies in mixing several batches and is not constant in the different drums, and that the importation consisted of eleven batches of the merchandise; and that it is bought and sold in the trade upon a 100 percent dry basis.

It was further established that shortly after importation all of the imported merchandise was used at one time in the manufacture of a coal-tar dye known as tetra amido anthraquinone; that the manufacture was accomplished by suspending the imported intermediate in water, saponifying the oxalyl groups, reducing the nitro groups to the dyestuff, filtering, washing, drying, and standardizing; that the resulting dye was found to weigh 5,811 pounds after manufacture; that chemically a certain amount of the imported product was known to produce a fixed amount of dyestuff; that from the quantity of imported product necessary to produce 5,811 pounds of dyestuff it was determined that there was 36.4 percent of 100 percent nitro oxalyl diamino anthraquinone in the entire importation, which is equivalent to 10,019 pounds of dry weight of the merchandise; and that the only exact method of determining the percentage of 100 percent nitro oxalyl diamino anthraquinone was by conversion of the material into a dyestuff.

There was no evidence produced by the Government. However, from an examination of the invoice papers and various reports timely filed, we find that the

Government acknowledges that if a test was made of a sample taken at random from the shipment there would be a possibility of error in the determination of the percentage of dry weight. As the sample analyzed was taken from one drum out of seventy, it was also admitted that a possible error might exist herein.

From the evidence adduced at the trial we are of the opinion that it has been conclusively established that the dry weight of the nitro oxalyl diamino anthraquinone was 36.4 percent of the imported product rather than 38.7 percent, and consequently the dry weight thereof is 10,019 pounds. Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry, assessing ad valorem duty upon the basis of the appraised unit of value of dry weight times 10,019 pounds, and to make refund accordingly.